COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons[*] and Frank
Argued at Chesapeake, Virginia


JEREMY BRITT ADAMS
                                            OPINION BY
v.    Record No. 0654-99-1             JUDGE ROBERT P. FRANK
                                         SEPTEMBER 26, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
               William H. Shaw, III, Judge

        Joseph R. Caprio for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Jeremy Britt Adams (appellant) appeals his bench trial

conviction of an assault and battery on a law enforcement officer

in violation of Code § 18.2-57(C).  On appeal, appellant contends

the evidence was insufficient to prove:  1) a touching and (2)

that he had the requisite intent to commit the offense.  We

disagree and affirm the conviction.

                    I.  BACKGROUND

    On September 22, 1998, while on duty at the Gloucester

County High School, Sergeant Steven Giles of the Gloucester

County Sheriff's Department was struck in his right eye by a

laser light owned by appellant, who was a twelfth-grade student

_____

      [*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

at the school.  Giles had been talking with another officer, Sergeant Adams, and the school nurse when he felt a "stinging sensation" in his eye.  Sergeant Adams told Giles that appellant had "just lit [him] up," as there was "a red dot" on him.

Giles approached appellant and asked what he had.  Appellant said, "It can't hurt you," and handed over the laser light, which was attached to his key chain.  Giles gave the laser light to the assistant principal and told appellant he could retrieve it later.

Giles said he "felt a burning sensation" in his eye and "saw red" before looking away, but he did not know how long the laser had been pointed at him.  Giles had his eye checked the next morning by a local doctor who found "heavy irritation" but no other injury.

Appellant moved to strike the evidence at the conclusion of the Commonwealth's case-in-chief.  He argued that the Commonwealth had not proved the laser light was capable of causing injury, had injured Giles, or appellant knew or should have known the laser was dangerous.  The trial court overruled the motion.

Appellant then presented his case.  Sergeant Adams testified that appellant was approximately 150 feet from Giles and the laser light had "jump[ed] all around his upper torso and head." Adams did not "actually see the thing strike [Giles'] eye," but he saw Giles flinch when he was hit.

James Brown and Jessica Hubbard, both students, testified that they did not see the laser strike Giles in the face or eyes.

They also said they had not been hurt when similarly hit in the eye with a laser light.

Appellant testified that he purchased the laser light for six dollars at a convenience store two days before the offense. He said it had no warning on it regarding use and that he had not been hurt when hit in the eye by the light. Appellant denied hitting Giles in the face or eye and claimed he had not intended to strike Giles with the light but, instead, was "just goofing off" to get Adams' attention by waving the laser around. Adams previously had been the school's resource officer, and appellant had a friendly relationship with him. Appellant, however, did not get along well with Sergeant Giles. He stated that Giles had previously given him a hard time. Appellant acknowledged he had pled guilty to three felonies.

The trial court again overruled appellant's motion to strike the evidence and convicted appellant of assault and battery on a law enforcement officer.

## II.  ANALYSIS

In reviewing the sufficiency of evidence on appeal, "the appellate court must examine the evidence and all inferences reasonably deducible therefrom in the light most favorable to the Commonwealth, the prevailing party in the trial court." Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998) (citations omitted).  "We may not disturb the trial court's judgment unless it is 'plainly wrong or without evidence to support it.'"  Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998) (quoting Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993)).

Furthermore, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

Code § 18.2-57(C) provides that "any person [who] commits an assault or an assault and battery against . . . a law enforcement officer . . . shall be guilty of a Class 6 felony," and shall be sentenced to a mandatory, minimum term of six months in jail.

To sustain a conviction for assault, the evidence need only prove "'an attempt or offer, with force and violence, to do some bodily hurt to another.'" Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (citation omitted).

> When the injury is actually inflicted, a battery has been committed regardless of how small the injury might be. "'Battery is the actual infliction of corporal hurt on another (e.g., the least touching of another's person), willfully or in anger, whether by the party's own hand, or by some means set in motion by him.'"

Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994) (quoting Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946)).

One cannot be convicted of assault and battery "'without an intention to do bodily harm -- either an actual intention or an

intention imputed by law.'" Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928).

A battery is an unlawful touching of another. It is not necessary that the touching result in injury to the person. Whether a touching is a battery depends on the intent of the actor, not on the force applied. See Wood v. Commonwealth, 149 Va. 401, 405, 140 S.E. 114, 115 (1927). An assault may occur even though the victim is not aware of any acts directed at him, provided the actor intends to touch offensively rather than accidentally or negligently. See Park Oil Co., Inc. v. Parham, 1 Va. App. 166, 170, 336 S.E.2d 531, 534 (1985).

"[T]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress." Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924) (citation omitted).

> "[W]here there is physical injury to another person, it is sufficient that the cause is set in motion by the defendant, or that the [victim] is subjected to its operation by means of any act or control which the defendant exerts." "The law upon the subject is intended primarily to protect the sacredness of the person, and, secondarily, to prevent breaches of the peace."

Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374 (1954) (citations omitted).

### A. Touching

Adams contends that shining the laser on Sergeant Giles was insufficient to constitute a touching for the purposes of assault and battery. Touch is defined as to be in contact or to cause to be in contact. See Merriam-Webster's Desk Dictionary 573 (1995).

In Virginia, it is abundantly clear that a perpetrator need not inflict a physical injury to commit a battery. See, e.g., Crosswhite, 139 Va. at 477, 124 S.E. at 244; Lynch v. Commonwealth, 131 Va. 762, 765, 109 S.E. 427, 428 (1921). The cases that guide our analysis, however, have not addressed circumstances where contact with the corporeal person was accomplished by directing a beam of light at the victim. Because substances such as light or sound become elusive when considered in terms of battery, contact by means of such substances must be examined further in determining whether a touching has occurred. Such a test is necessary due to the intangible nature of those substances and the need to limit application of such a principle (touching by intangible substances) to reasonable cases. Because the underlying concerns of battery law are breach of the peace and sacredness of the person, the dignity of the victim is implicated and the reasonableness and offensiveness of the contact must be considered. Otherwise, criminal convictions could result from the routine and insignificant exposure to concentrated energy that inevitably results from living in populated society.

Accordingly, we hold that for purposes of determining whether a battery has occurred, contact by an intangible substance such as light must be considered in terms of its effect on the victim. There need be no actual injury for a touching to have occurred. However, to prove a touching, the evidence must prove that the substance made objectively offensive or forcible contact with the victim's person resulting in some manifestation of a physical consequence or corporeal hurt.

Here, the evidence established that appellant hit Sergeant Giles in the eye with a laser light. Giles felt a stinging sensation in his eye as a "red dot" hit him. Appellant admitted he did not get along with Giles and that he had been waving the laser in the area where the two officers were standing.

Appellant, by aiming the laser at the officers, effected a contact that caused bodily harm to Sergeant Giles. Appellant argued there was no touching because the laser has no mass and, therefore, cannot physically touch Sergeant Giles. This argument is misplaced. The laser, directed by appellant, came into contact with Sergeant Giles' eye and, as a result, there was an unlawful touching.[1]

### B. Intent

Proving intent by direct evidence often is impossible. See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it. See Rice v. Commonwealth, 16 Va. App. 370, 372, 429 S.E.2d 879, 880 (1993) (citations omitted). Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts." Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc) (citation omitted).

---

[1] Appellant further argued that this holding could cause the statute to be void for vagueness. Because the latter argument was not raised in the trial court, it is barred under Rule 5A:18.

The trial court, sitting as the fact finder, was entitled to reject appellant's testimony that he was "just goofing off" to attract Sergeant Adams' attention. The court specifically found that appellant intended to hit Giles with the laser and that an assault and battery occurred. That decision is not plainly wrong or without supporting evidence and must be upheld on appeal.

For the reasons stated, we affirm the judgment of the trial court.

<u>Affirmed.</u>

Lemons, J., dissenting.

This case was not prosecuted as an assault; rather, the evidence and the argument of counsel confined the prosecution to a battery. An assault occurs where "the overt act done puts the party assailed in well founded fear of bodily harm." Burgess v. Commonwealth, 136 Va. 697, 708, 118 S.E. 273, 276 (1923). There was no evidence and no contention that shining the low intensity laser light on Sergeant Giles caused him to experience reasonable apprehension of bodily harm. Sergeant Giles testified that he did not see the light beam and did not know how long it had been focused upon him. He did not react until the light beam shined in his eye. Sergeant Adams became aware of the light beam only after Sergeant Giles reacted to the light beam. Apparently still uncertain of exactly what had occurred, Sergeant Giles approached Adams and asked him what he had. Adams gave the laser light device which was attached to his key chain to Giles and said, "It can't hurt you."

It is entirely possible that the appearance of a red dot on a person could cause reasonable apprehension that they had been targeted by a laser-sighting device attached to a firearm. However, the allegations and proof offered in this case clearly demonstrate that prosecution of Adams was based upon alleged battery and not assault.

Whether a touching is a battery depends upon the intent of the actor, not upon the force applied. See Woods v.

Commonwealth, 149 Va. 401, 405, 140 S.E. 114, 115 (1927).  Here, the evidence does not support beyond a reasonable doubt that Adams had the intent to offensively touch Sergeant Giles.  In order to have such intent, Adams would have to know or be reasonably charged with knowledge that a six-dollar novelty item attached to his key chain had the potential for offensive touching.  It is not within common knowledge that such a device has such capacity.  There is no evidence that Adams had specific knowledge of such capacity.  That Adams had a bad relationship with Giles may explain his motive, but it does not prove intent to offensively touch.  A finder of fact may infer that an actor intends the natural and probable consequences of his acts.  See Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991).  In the absence of common knowledge of the capacity of this device, no inference may be drawn.  Without inference or specific knowledge, there is no proof that Adams intended to offensively touch Giles.

Additionally, the majority redefines "touching" for the purpose of common law battery.  Although the reasoning is logical, it is unwise, because the unintended consequences may reach too far.  Will the next prosecution for battery be based upon failure to dim high beams in traffic, flash photography too close to the subject, high intensity flashlight beams or sonic waves from a teenager's car stereo?  Rather than stretch the boundaries of the common law understanding of what is necessary

for a "touching" to occur, criminalizing conduct that involves intangible objects put in motion should be left to specific legislative action rather than generalized redefinition that may sweep into the ambit of criminal behavior conduct that is not intended.  See, e.g., 720 Ill. Comp. Stat. 5/2-10.2, 2-10.3, 5-12-2, 12-4 (West. 2000) (shining or flashing a laser gunsight near or on a person constitutes aggravated assault or aggravated battery); 720 Ill. Comp. Stat. 5/24.6.5 (West 2000) (aiming a laser pointer at a police officer is a misdemeanor); Wash. Rev. Code § 9A-49.020 (1999) (felony to discharge a laser beam at various peace officers or pilots, bus drivers or transit operators in the commission of their respective duties).

I respectfully dissent.