COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued at Richmond, Virginia


DANIEL STITH

v.    Record No. 1210-00-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
MAY 8, 2001


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
James F. D'Alton, Jr., Judge

Robert L. Lichtenstein for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Daniel Stith (appellant) appeals from his bench trial

conviction for assault on a police officer pursuant to Code

§ 18.2-57.[1]  On appeal, he contends the evidence failed to prove

he knew or had reason to know that the individuals were police

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Although the transcript and sentencing order indicate that
appellant was convicted of assaulting a police officer, a
violation of Code § 18.2-57, the sentencing order incorrectly
cites Code § 18.2-57.1.  Prior to 1997, Code § 18.2-57.1
proscribed assault on a police officer.  However, in 1997, the
General Assembly repealed Code § 18.2-57.1 and reenacted the
offense formerly proscribed therein as subsection (C) of Code
§ 18.2-57.  See 1997 Va. Acts, ch. 833.  Thus, when appellant
committed the instant offense on April 10, 1999, it was a
violation of Code § 18.2-57(C) rather than Code § 18.2-57.1, and
we remand to the trial court for the sole purpose of correcting
the clerical error in the sentencing order.  See Tatum v.
Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994).

officers.[2]  We hold the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's finding that appellant acted with the requisite knowledge. Therefore, we affirm his conviction, subject to remand solely for the correction of a clerical error.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if this Court finds that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."  Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). In all other cases, we must defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses."  Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some

---

[2] Appellant makes passing mention on brief that he "lacked the requisite knowledge that the individuals were Police Officers in the performance of their duties."  (Emphasis added). He did not make this argument at trial, however, and his brief focuses on whether he knew the individuals were police officers, not whether he knew they were in the performance of their duties.  Thus, we do not consider this argument separately.

parts as believable and reject other parts as implausible. See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

Intent or knowledge, like any element of a crime, may be proved by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Code § 18.2-57(C) provides that "if any person commits an assault . . . against another knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . ." What constitutes an assault is defined by common law:

> An assault is an attempt or offer, with
> force and violence, to do some bodily hurt
> to another . . . by means calculated to
> produce the end if carried into execution;

- 3 -

> as . . . by levelling a gun at another
> within a distance from which, supposing it
> to be loaded, the contents might injure, or
> any similar act accompanied with
> circumstances denoting an intention coupled
> with a present ability, of using actual
> violence against the person of another.

Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (emphasis added; citation and emphasis omitted).  One may commit an assault even though the victim is not aware of or frightened by any acts directed at him, provided the perpetrator has the specific intent to commit a battery and commits an overt act in furtherance of that intent.  Adams v. Commonwealth, 33 Va. App. 463, 469, 534 S.E.2d 347, 350 (2000); Park Oil Co. v. Parham, 1 Va. App. 166, 170, 336 S.E.2d 531, 534 (1985).

The evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's finding that appellant intentionally shot at a group of people whom he knew or had reason to know were police officers engaged in the performance of their duties.  When appellant testified at trial, he admitted firing the gun.  Although appellant claimed to have fired it into the air to scare two would-be robbers, witness Linda Pace saw appellant pointing the gun "straight out" toward Winston Churchill Drive in the direction of 1204 Liberty Avenue immediately after she heard the gunshot.  At that same instant, a bullet passed so close to Officer Bayes' position at the edge of the yard at 1204 Liberty that he heard the bullet as it

traveled through the trees overhead.  Bayes was an experienced hunter and said that the sound and motion of the leaves indicated to him the path of a bullet.

Shortly before appellant fired the shot, the police officers had walked up Liberty Street to the residence at 1204, and at least six of the seven were in uniforms indicating in various ways that they were police officers.  All the uniforms were dark blue or black.  Some of the uniforms bore the word, "Police," in large white letters, while others contained large patches denoting the men were police officers.  All wore gun belts.  The location on Liberty Street where the officers parked their unmarked vehicles was visible from the intersection of Liberty and Granby Avenue, where appellant stood when he fired the shot, and the driveway of 1204 Liberty Street, where the officers were gathered, was only 144 feet from that same intersection.  Finally, when appellant was apprehended immediately after the shooting, he admitted at various times to Detectives McQuage and Hartman and Officer Dean that "[he] knew [they] were there" and knew they were police officers.

Detective McQuage's testimony about appellant's admission stood unimpeached.  That Hartman and Dean gave conflicting testimony at the preliminary hearing about whether appellant made such statements was not dispositive; the trial court was free to assess the officers' credibility and to conclude they

- 5 -

were testifying truthfully at appellant's trial.  In addition, the trial court specifically concluded, as it was entitled to do, that appellant's testimony about an attempted robbery was incredible.  Appellant did not report the attempted robbery when he was arrested, and the police officers did not see anyone pass them as they proceeded to the intersection, despite appellant's claim at trial that the would-be robbers fled in the same direction from which the officers had come.

Once the trial court resolved these credibility questions against appellant, the only reasonable hypothesis flowing from the circumstantial and direct evidence was that appellant knew the men were police officers engaged in the performance of their duties and that he intentionally shot at them on the afternoon of April 10, 1999.

For these reasons, we affirm appellant's conviction for assaulting a police officer in the performance of his duties in violation of Code § 18.2-57.  However, due to the clerical error in the sentencing order regarding the statute under which appellant was convicted, see supra note 1, we remand this matter to the trial court for the sole purpose of correcting the

sentencing order to reflect that appellant was convicted under

Code § 18.2-57 rather than Code § 18.2-57.1.

<u>Affirmed on the merits
and remanded with
instructions.</u>