COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


ROBERT CARL GRAY

MEMORANDUM OPINION[*] BY
v.       Record No. 0312-07-2                    JUDGE RUDOLPH BUMGARDNER, III
                                                 MAY 6, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Robin M. Morgan (Blackburn, Conte, Schilling & Click, P.C., on
briefs), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        The defendant appeals his conviction for assault and battery of a family member, third

offense, in violation of Code § 18.2-57.2.  He contends the evidence was insufficient.

Concluding the evidence permitted a finding of guilt, we affirm.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  The defendant and Kathy Ceballos had a

relationship for over ten years and had a five-year-old son.  On the day of the incident, they were

drinking while working in their yard.  They quarreled, and when the defendant said he was

leaving, the victim shoved him.  When the defendant went onto the porch she "dove on him" and

split his lip.  The defendant went inside, got a carton of beer, and returned outside with the carton

in one hand and an open can of beer in the other hand.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The victim grabbed at the beer, and the defendant said, "If you want the beer, you can have it." He started throwing beer cans at the ground. They were about ten to twelve feet apart. After throwing about six cans of beer on the ground, he threw the open can and hit the victim on the shoulder. Beer splashed on her shirt, but she was not injured. The defendant left the property shortly thereafter.

The victim did not want to testify against the defendant because she felt responsible for what happened. She contended that she did not think the defendant deliberately meant to hit her with a beer can, but admitted he was "frustrated with [her] because he wanted to leave." She did not know if she made any movements towards the defendant before he threw the beer.

The police responded at 8:37 p.m. and spoke to the defendant around 11:00 p.m. The defendant stated he and the victim had been drinking too much and she was jealous over a neighbor. The defendant said they had been fighting for years. When asked when the fighting would stop, the defendant said, "I reckon when we kill each other." The defendant admitted he had drunk about seven beers and that he had also used cocaine and heroin. He later denied using drugs but stated, "he was an alcoholic and that he was crazy." The defendant denied he hit Ceballos but claimed she hit him in the mouth, and then he "bum's rushed her." He could not define what he meant by that term. The defendant's two prior convictions for domestic assault were admitted into evidence.

"An assault requires an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another . . . . There is no requirement that a victim be physically touched to be assaulted." Zimmerman v. Commonwealth, 266 Va. 384, 387, 585 S.E.2d 538, 539 (2003) (citation omitted). "'Battery is the *actual infliction of corporal hurt* on another . . . *wilfully or in anger*, whether by the party's own hand, or by some means set in motion by him.'" Jones v. Commonwealth, 184 Va. 679,

682, 36 S.E.2d 571, 572 (1946) (quoting Minor's Synopsis of the Law of Crimes and Punishment, p. 77) (other citation omitted) (emphasis in original).

"'[T]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" Adams v. Commonwealth, 33 Va. App. 463, 469, 534 S.E.2d 347, 350 (2000) (quoting Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924)). "An assault and battery is an unlawful touching of another. It is not necessary that the touching result in injury to the person. Whether a touching is a battery depends on the intent of the actor, not on the force applied." Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998).

> "[W]here there is physical injury to another person, it is sufficient that the cause is set in motion by the defendant, or that the [victim] is subjected to its operation by means of any act or control which the defendant exerts." "The law upon the subject is intended primarily to protect the sacredness of the person, and, secondarily, to prevent breaches of the peace."

Adams, 33 Va. App. at 469, 534 S.E.2d at 350 (quoting Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374 (1954)).

The defendant threw several cans at the ground out of frustration. The victim was only ten to twelve feet away from him and not a threat to him. He threw the can from which he was drinking and hit her on the shoulder. The can struck the victim because the defendant caused it to do so. That evidence established that defendant committed a battery. Accordingly, we affirm the conviction.

Affirmed.