COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Senior Judge Coleman
Argued at Alexandria, Virginia


ERIC MICHAEL JIMENEZ-CALCANO

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1290-09-4                      JUDGE SAM W. COLEMAN III
                                                         APRIL 6, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          William D. Hamblen, Judge

            Gary H. Smith for appellant.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        Eric Jimenez-Calcano appeals his conviction for assault and battery of a law enforcement

officer in violation of Code § 18.2-57(C).  Jimenez-Calcano argues that the evidence was

insufficient to prove he touched the officer in a rude or angry manner with the intent to inflict bodily

harm.  Jimenez-Calcano contends that any physical contact with the officer was accidental because

he was intending to secure his property.  We disagree and affirm.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that Officer Brenda Lee

Willsey was providing bathroom tissue to inmates at an adult detention center.  When Willsey

entered the cellblock, the inmates were in the dayroom section.  Willsey entered

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Jimenez-Calcano's cell, and she noticed two paper bags in front of the sink. Willsey testified as she bent over to pick up the bags, Jimenez-Calcano entered the cell, grabbed her hand, and squeezed her hand, trying to force her to drop the bags. Willsey told Jimenez-Calcano to leave the cell, but Jimenez-Calcano pushed her hand down and said, "Fine, take this stuff." Jimenez-Calcano then left the cell. Willsey went to the property boxes in Jimenez-Calcano's cell. Willsey testified as she bent over to check the boxes, Jimenez-Calcano reentered the cell and "shoved" her left shoulder with his right side. Willsey picked up a box, and Jimenez-Calcano grabbed the box, left the cell, and said, "You're not checking my box." Jimenez-Calcano took his box into the dayroom. Willsey called for assistance and another officer searched the box, finding a razor blade concealed in a radio headset. Willsey's left shoulder was sore for several days, and she took pain medication for a few days.

Jimenez-Calcano testified that Willsey's action of taking the bags from the floor "bothered" him and he grabbed the bags from her hand. Jimenez-Calcano denied grabbing Willsey's wrist as she held the bags. Jimenez-Calcano testified that there was only food in his property box, that he told Willsey not to "mess up" his food, and that he took the box into the dayroom. Jimenez-Calcano testified that Willsey never had the box in her hands, but she only opened the lid. Jimenez-Calcano testified he did not have any physical contact with Willsey. Fredrick Bethume, Jimenez-Calcano's cellmate, testified that Jimenez-Calcano never touched Willsey during the encounter.

In finding that the evidence was sufficient to prove an assault and battery the trial judge stated:

> With respect to the bag, her testimony was that she grabbed the bag and he squeezed her hand. Squeezed is significant in that context in my view. I believe that's precisely what happened.
> With respect to the box, I think the credible evidence establishes that he essentially rushed her to destabilize her and having done so successfully, grabbed the box from her, again for

reasons known best to him, but which the evidence establishes are in all likelihood linked to the contents of the box.

Code § 18.2-57(C) prohibits a person from committing an assault and battery knowing or having reason to know that the victim is a law enforcement officer.

> An assault is an "attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an intention, coupled with a present ability, to use actual violence against another person." Battery is the actual infliction of corporal hurt on another that is done willfully or in anger. The intent to harm may be shown by the circumstances of the offense, including the actor's words and conduct.

Montague v. Commonwealth, 278 Va. 532, 541, 684 S.E.2d 583, 588 (2009) (quoting Zimmerman v. Commonwealth, 266 Va. 384, 387, 585 S.E.2d 538, 539 (2003)) (citations omitted).

"One cannot be convicted of assault and battery '"without an intention to do bodily harm — either an actual intention or an intention imputed by law."'" Adams v. Commonwealth, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (2000) (quoting Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928)). Appellant's "'intent must be determined from the outward manifestation of his actions leading to usual and natural results, under the peculiar facts and circumstances disclosed. This determination presents a factual question which lies peculiarly within the province of the [trier of fact].'" Hughes v. Commonwealth, 18 Va. App. 510, 519, 446 S.E.2d 451, 457 (1994) (*en banc*) (quoting Ingram v. Commonwealth, 192 Va. 794, 801-02, 66 S.E.2d 846, 849 (1951)).

> Proving intent by direct evidence often is impossible. Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it. Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "the finder of fact may infer that [the accused] intends the natural and probable consequences of his acts."

Adams, 33 Va. App. at 470-71, 534 S.E.2d at 351 (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*)).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Jimenez-Calcano does not contend that he did not know Willsey was a law enforcement officer. Instead, he argues that the Commonwealth failed to prove that he possessed the requisite intent to convict him of the crime. Jimenez-Calcano contends that his actions showed an accidental conduct because he complied with Willsey's order to leave the cell, he did not interfere with Willsey's call for assistance when he took his box to the dayroom, and any physical contact was unavoidable in this situation due to the size of the cell. We disagree with Jimenez-Calcano. The evidence showed that Jimenez-Calcano was "bothered" when Willsey picked up bags in his cell, he entered the cell, and he squeezed Willsey's hand in an attempt to have her drop the bags. Willsey ordered Jimenez-Calcano out of the cell, but he returned to the cell and "shoved" Willsey in the shoulder after Willsey picked up his box, which was later determined to contain contraband. Although Jimenez-Calcano and Bethume testified Jimenez-Calcano never touched Willsey, the trial judge evaluated their testimony and necessarily determined that it was not credible. Squeezing a hand and shoving an individual in the shoulder are not "accidental" actions or due to the size of an area, but are deliberate acts. After evaluating the evidence, the trial judge found that Jimenez-Calcano was "intent upon preventing the officer from discharging her duties," that Jimenez-Calcano "squeezed" Willsey's hand after she grabbed

the bags, and that Jimenez-Calcano "rushed" at Willsey to destabilize her before he grabbed the box containing the contraband. These findings by the trial judge confirm that Jimenez-Calcano intended to inflict bodily hurt upon Willsey, that Jimenez-Calcano touched Willsey's hand and shoulder, and that the touching was not accidental. The trial judge necessarily found that the testimony of Jimenez-Calcano and of Bethume denying any contact with Willsey was not credible. Accordingly, Jimenez-Calcano's conviction for assault and battery of a law enforcement officer is affirmed.

Affirmed.