UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, O'Brien and Raphael


JOSEPH LAWRENCE HILL

MEMORANDUM OPINION*

v.      Record No. 0671-21-3       PER CURIAM
                                   MARCH 29, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant.  Appellant submitting on brief.

(Mark R. Herring,[1] Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


A jury convicted Joseph Lawrence Hill ("appellant") of assault and battery upon a law

enforcement officer in violation of Code § 18.2-57(C).  Appellant contends that the evidence was

insufficient to prove that he "committed an intentional touching."  We hold that the appeal is wholly

without merit.[2]  For the following reasons, we affirm his conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] After examining the briefs and record in this case, the panel unanimously agrees that
because "the appeal is wholly without merit," oral argument is unnecessary.  Therefore, we
dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

BACKGROUND

On appeal, in accordance with familiar principles of appellate review, we state the facts in the light most favorable to the Commonwealth, the prevailing party at trial. *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018). The evidence established that shortly after midnight on December 14, 2019, Deputy Jonathan Cherry of the Henry County Sheriff's Office met Janie Ore at a gas station near her home. Ore told Deputy Cherry that appellant and her infant child were in the home and she was concerned for their safety because appellant had made suicidal statements. Ore asked the deputy to perform a welfare check.

When Deputy Cherry pulled in the driveway of the home a few minutes later, the front door was open, but appellant closed it. Deputy Cherry knocked, causing the partially closed door to swing open. The deputy entered the residence and explained he was there to check on the child and appellant. Appellant, who appeared intoxicated, was uncooperative. Ore arrived at the home, and Deputy Cherry told her to get the child from a bedroom in the back of the home. Appellant was yelling and repeatedly tried to follow Ore to the bedroom despite Deputy Cherry's instructions to the contrary. Deputy Cherry stopped appellant and unsuccessfully attempted to handcuff him. Appellant, who was on the ground, resisted by putting both hands under his body. The deputy reached under appellant's body to get control of appellant's hands. Appellant bit Deputy Cherry on his right bicep and continued biting, despite being ordered to stop.

Lieutenant Michael Hudson, who arrived during the struggle, heard Deputy Cherry order appellant to "[s]top biting." Lieutenant Hudson delivered "two to three distracting blows" to the back of appellant's head in a failed attempt to get him to release his hold on Deputy Cherry's arm. Appellant did not stop biting Deputy Cherry until he was pepper-sprayed.

Although Deputy Cherry was wearing a long-sleeved shirt, appellant's bite drew blood, and the deputy sought medical treatment for the wound. At appellant's trial, the Commonwealth

- 2 -

introduced a photograph of the bite mark. A year and a half after the incident, Deputy Cherry still had a scar on his arm.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (*Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Code § 18.2-57(C), provides that "any person [who] commits an assault or an assault and battery against another knowing or having reason to know that such other person is a . . . law-enforcement officer . . . , engaged in the performance of his public duties" is guilty of a Class 6 felony. "The crime of assault and the crime of battery are independent criminal acts, although they are linked in Code § 18.2-57." *Parish v. Commonwealth*, 56 Va. App. 324, 329 (2010). "To sustain a conviction for assault, the Commonwealth must prove 'an attempt or offer, with force and violence, to do some bodily hurt to another.'" *Id.* (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Id.* at 330 (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). Regardless of which set of elements the Commonwealth ultimately proves, a defendant "cannot be convicted of assault and battery without an intention to do bodily harm—either an actual intention or an intention imputed by law." *Id*. (quoting *Adams*, 33 Va. App. at 468).

Appellant argues that, although he "was clearly resisting being detained, . . . there is no evidence that he intentionally bit" Deputy Cherry. He maintains that his reaction to the deputy's application of force was "involuntary," and the biting was "accidental." "Whether a touching is a battery depends on the intent of the actor, not on the force applied." *Adams*, 33 Va. App. at 468. "Determining a defendant's intent 'is a factual question, which lies peculiarly within the province of the jury.'" *Barnett v. Commonwealth*, 73 Va. App. 111, 120 (2021) (quoting *Hughes v. Commonwealth*, 18 Va. App. 510, 519 (1994) (*en banc*)). A fact finder may determine intent by considering the "conduct of the aggressor, viewed in the light of the attending circumstances." *Wood*, 149 Va. at 405; *see also Blankenship v. Commonwealth*, 71 Va. App. 608 (2020). "[P]roving intent by direct evidence often is impossible. Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable

- 4 -

hypotheses of innocence flowing from it." *Gilbert v. Commonwealth*, 45 Va. App. 67, 70 (2005) (quoting *Adams*, 33 Va. App. at 470-71).

Here, appellant was combative, and appeared intoxicated when Deputy Cherry entered the home to perform a welfare check. Appellant ignored the deputy's commands and attempted to follow Ore down the hallway. When the deputy tried to handcuff him, appellant bit Deputy Cherry's arm with enough force to break through the skin and draw blood, despite being ordered to stop. Even when Lieutenant Hudson hit him on the head, appellant did not release the deputy's arm.

It was reasonable for the fact finder to infer that by biting Deputy Cherry for an extended period of time and with significant force, appellant intended the consequence of his action. In doing so the jury rejected appellant's defense of involuntariness. "[T]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." *Knight v. Commonwealth*, 61 Va. App. 148, 161 (2012) (alteration in original) (quoting *Moody v. Commonwealth*, 28 Va. App. 702, 706-07 (1998)).

## CONCLUSION

Given the duration and force of the bite, appellant's demeanor and the surrounding circumstances, a jury could conclude beyond a reasonable doubt that appellant intentionally bit Deputy Cherry. Therefore, the evidence was sufficient to find appellant guilty of assault and battery upon a law enforcement deputy. Accordingly, we affirm appellant's conviction.

*Affirmed.*