COURT OF APPEALS OF VIRGINIA

Present:   Judges Chaney, Callins and Senior Judge Petty
Argued at Lexington, Virginia

UNPUBLISHED

RICKY RICARDO EDMUNDS

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1226-21-3                    JUDGE VERNIDA R. CHANEY
                                                  SEPTEMBER 20, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Erik L. Sapp, Assistant Public Defender, for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a bench trial in the Circuit Court of the City of Danville ("trial court"),

Ricky Ricardo Edmunds ("Edmunds") was convicted of assault and battery against a law

enforcement officer in violation of Code § 18.2-57(C).  On appeal, Edmunds argues that the

evidence is insufficient to sustain his conviction because there is no evidence that he intended to

strike the officer nor that the officer had any apprehension of the impending strike.  For the

following reasons, this Court affirms the trial court's judgment.

I.  BACKGROUND

On December 26, 2020, Edmunds displayed "very irate" behavior while he was being

booked into the Danville City Jail.  When Sheriff's Deputy Keatts attempted to remove Edmunds

from his holding cell, Edmunds remained irate and began to approach Deputy Keatts.  In response,

Deputy Keatts pepper sprayed Edmunds and, with help from Sergeant Wyatt, secured him to a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

restraint chair. A short time later, Edmunds removed his feet, arms, and shoulders from the restraints. As officers tried to re-tighten the straps on the restraint chair, Edmunds moved his head, striking Deputy Keatts. The incident was recorded on the jail's surveillance cameras, and the video was admitted into evidence at trial.

Upon a motion to strike the Commonwealth's evidence, Edmunds acknowledged that his head struck Deputy Keatts. However, Edmunds argued that this so-called "headbutt" was unintended contact that occurred while Edmunds was thrashing his head with no intent to hit the officer. Regarding an assault, Edmunds argued that under the circumstances, Deputy Keatts could not have anticipated the "headbutt." Based on Deputy Keatts' testimony and the video evidence, the trial court found that the sudden movement of Edmunds' head "was an intentional act, a volitional act on behalf of Mr. Edmunds toward the deputy." Therefore, the trial court denied Edmunds' motion to strike.

At the close of all the evidence, Edmunds renewed his motion to strike during his closing argument. Edmunds argued that he was blinded by the pepper spray and could not see where the officers were nor what they were doing. Edmunds further argued that he was moving his head to get the pepper spray off when his head unintentionally struck the deputy. Based on the video evidence, the trial court found that Edmunds "violently pulled his head to the right and struck the deputy [on] the side of the head or face area" while Deputy Keatts was attempting to tighten a retraint over Edmunds' right shoulder. Accordingly, the trial court found Edmunds guilty as charged of assault and battery on a law enforcement officer. This appeal followed.

II. ANALYSIS

A. Standard of Review

On appellate review of a criminal conviction, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the

Commonwealth, the prevailing party at trial." *Pooler v. Commonwealth*, 71 Va. App. 214, 218 (2019) (alteration in original) (quoting *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*)). We "discard the evidence of the accused *in conflict* with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (emphasis added) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

## B. Sufficiency of the Evidence

Edmunds was convicted under Code § 18.2-57(C), which provides, in relevant part, that "if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony[.]" "To sustain a conviction for assault, the Commonwealth must prove 'an attempt or offer, with force and violence, to do some bodily hurt to another.'" *Parish v.*

- 3 -

*Commonwealth*, 56 Va. App. 324, 329 (2010) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)).

> The attempt or offer to do bodily harm "occurs when an assailant engages in an overt act intended to inflict bodily harm [while he] has the present ability to inflict such harm or [the assailant] engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim."

*Id.* at 329-30 (alterations in original) (quoting *Clark v. Commonwealth*, 279 Va. 636, 641 (2010)). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Id.* at 330 (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). "[A] perpetrator need not inflict a physical injury to commit a battery." *Gilbert v. Commonwealth*, 45 Va. App. 67, 71 (2005) (quoting *Adams*, 33 Va. App. at 469). However, "[o]ne cannot be convicted of assault and battery without an intention to do bodily harm—either an actual intention or an intention imputed by law." *Parish*, 56 Va. App. at 330 (quoting *Adams*, 33 Va. App. at 468). "The unlawful intent may be imputed if the touching is 'done in a rude, insolent, or angry manner.'" *Id.* at 331 (quoting *Adams*, 33 Va. App. at 469).

Edmunds argues that the evidence is insufficient to sustain his conviction because no evidence established that he intended to strike Deputy Keatts or that Deputy Keatts had any apprehension of the impending strike. However, as Edmunds acknowledges in his briefs, "[a]n assault may occur even though the victim is not aware of any acts directed at him, provided the actor intends to touch offensively . . . ." *Adams*, 33 Va. App. at 469. Thus, proof that Edmunds intended and executed an offensive headbutt on Deputy Keatts is sufficient to sustain the conviction even if the deputy had no apprehension of the impending strike.

We hold that the evidence is sufficient for a rational fact-finder to find that Edmunds intended to offensively headbutt Deputy Keatts. Rejecting Edmunds' challenge to the sufficiency of the evidence, the trial court found that Edmunds "violently pulled his head to the right and struck

the deputy [on] the side of the head or face area" while Deputy Keatts was attempting to tighten a restraint over Edmunds' right shoulder. These factual findings are supported by the video evidence and the testimony of Deputy Keatts. Additionally, the trial court found that the sudden movement of Edmunds' head "was an intentional act, a volitional act on behalf of Mr. Edmunds toward the deputy." This Court accords great deference to the trial court's factual determination that Edmunds had the requisite intent for assault and battery. *See Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011) ("Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." (citing *Robertson v. Commonwealth*, 18 Va. App. 635, 639 (1994))). Because (i) the evidence supports the trial court's finding that Edmunds violently struck Deputy Keatts' face or head with his own head and (ii) the trial court's finding that Edmunds intentionally struck Deputy Keatts is not clearly erroneous, this Court will not disturb the trial court's judgment of conviction.

## III. CONCLUSION

The evidence is sufficient to prove the essential elements of assault and battery against a law enforcement officer. Accordingly, this Court affirms the trial court's judgment.

*Affirmed.*