UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Fulton
Argued by videoconference

MICHAEL JOHN STAR

v.      Record No. 1537-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 19, 2023

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge

Tameka N. Casey (Robert A. Ades and Associates, PC, on briefs),
for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a bench trial, the circuit court convicted Michael John Star for making a false

police report in violation of Code § 18.2-461. Star challenges the sufficiency of the evidence to

support his conviction. He also asserts that the circuit court imposed an invalid sentencing

condition.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of Star's conflicting evidence and regard as true all credible evidence

favorable to the Commonwealth and all inferences that may reasonably be drawn from that

evidence. *Gerald*, 295 Va. at 473.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

In 2020, Charisse Hines was an attorney who practiced with her own firm in Alexandria. Hines's law firm used the "DocuSign" system for retainer agreements when accepting new clients. DocuSign "allow[ed] clients to electronically sign agreements without having to be physically present" in Hines's office. Typically, Hines's assistant drafted the firm's engagement letter and fee arrangement for new clients, which Hines would review and approve. Then, Hines's assistant uploaded the document in PDF format into the DocuSign system and emailed the document to the new client for electronic signature.

In July 2020, Star sought Hines's assistance in collecting the debts on some civil judgments he had obtained against three individuals. Star communicated with Hines and her assistant through email about legal representation. Hines's office generated a document entitled "Engagement Letter and Fee Arrangement" dated July 10, 2020, and addressed to Star. The terms of the agreement provided for Star to pay Hines's firm a retainer of $1,200 and, thereafter, a rate of $300 per hour for legal services. The document instructed Star to sign the letter and email it to Hines's law firm if he agreed with the terms. Hines's firm received a copy of the agreement, with a DocuSign signature above Star's printed name, on July 10, 2020. Star paid Hines the retainer of $1,200. Hines provided legal services by filing documents to collect on the judgments but made no court appearances on Star's behalf.

In telephone and email conversations on August 31, 2020, Star advised that he wished to pursue the matters on his own and would contact Hines if he needed further assistance. Nonetheless, Star continued to submit inquiries and requests for information and documents and Hines's firm continued to respond. After applying the retainer fee to Star's bill for legal services rendered between the retention and September 25, 2020, Hines's firm invoiced Star $741 for the balance he owed.

Star sued Hines for repayment of the $1,200 retainer, alleging that she had breached the engagement agreement by not providing him with legal services. Hines counterclaimed, seeking $741 in unpaid legal fees. At trial in general district court on March 4, 2021, the court found that Star signed the engagement letter and fee arrangement with DocuSign and, thus, agreed to the terms for retention and payment of fees. The court entered judgment for Hines in the amount of $741 and dismissed Star's warrant in debt. Star did not perfect an appeal from the general district court judgment to the circuit court.

On March 7, 2021, Star called the Alexandria police. Star said he had hired Hines's law firm to represent him to collect unpaid judgments and that, at trial in a dispute over legal fees, Hines had presented an engagement letter with an electronic signature that he did not sign. Star claimed that he had never seen the document before it was presented at trial. In addition, Star charged that "somebody in the law firm had signed it." At the police officer's request, Star emailed him the document in question.

The police contacted Hines regarding an investigation of an allegedly forged document. Hines provided the police with the engagement letter and fee arrangement signed by Star using DocuSign. Hines also obtained a "Certificate of Completion" from DocuSign indicating that the engagement letter had been signed properly using Star's email on July 10, 2020.

The police went to Star's home on March 11, 2021, and questioned him about the forgery allegation. When asked, Star said he did not use email to provide his electronic signature although he did have a laptop computer. The police then charged Star with making a false report to the police.

Star filed a civil complaint in circuit court against Hines alleging that she "forged" his signature on the engagement letter and fee agreement. The circuit court dismissed Star's claim by order entered June 17, 2021. The dismissal order stated that the finding that the engagement

agreement was "valid and enforceable was essential to the General District Court's judgment dismissing Star's claim and granting Hines's counter-claim." The dismissal order further stated that "Star's claim that Hines forged his signature on the agreement is precluded by the doctrine of collateral estoppel . . . ." The circuit court found that the general district court's judgment was final and valid against Star and that he had failed to perfect an appeal of the judgment. The circuit court also found that Star filed the complaint "without just cause in violation of Va. Code § 8.01-271.1."[1] The circuit court thus "order[ed] an injunction preventing Michael Star from filing any future claims" in that court against Hines relating to the retention agreement or any aspect of Hines's representation of him.

Testifying at his trial for making a false report to the police, Star admitted that he hired Hines to represent him for debt collection work and that he paid the $1,200 retainer. Star said that after contacting the police, he provided them with a copy of the engagement letter with his "wet" signature, claiming that he signed it while at Hines's office on July 10, 2020. He also gave the police a copy of the engagement letter with the DocuSign signature and said he did not recall seeing it before the trial in general district court. Star testified that, when he contacted the police, his understanding was that a person signing the name of another to a document without permission was forgery. Star claimed that he contacted the police thinking it was "a proper civil duty," not that he was making a false police report. He said that when he called the police, he "simply wanted clarification as to whether or not this DocuSign agreement was signed by [him]." The circuit court rejected Star's explanation that he did not intend to make a false report of a crime to the police and found him guilty.

---

[1] Code § 8.01-271.1 permits a court to impose "an appropriate sanction" upon "the person who signed the paper or made the motion" that is not "well grounded in fact" or was "interposed for any improper purpose."

At sentencing, Hines testified that Star had a long, established history of filing frivolous lawsuits. She noted that the circuit court had sanctioned Star by ordering him not to file lawsuits against her or her law firm. Hines stated that Star had paid $700 toward the outstanding judgment but had failed to pay the additional $46 that he owed to satisfy her judgment against him with interest.

The circuit court noted Star's long history of abusing the judicial system, thus inconveniencing other people and the courts. The circuit court sentenced Star to 12 months in jail, with all but 90 days suspended, probation for 6 months, and good behavior for 12 months after his release from confinement. In its pronouncement of sentence, the circuit court stated that Star's suspended sentence was conditioned upon his satisfaction of the judgment rendered against him and in favor of Hines; the circuit court further prohibited him from filing lawsuits against Hines, her staff, or anyone in the city of Alexandria without prior permission from the court. The circuit court's sentencing order, however, did not contain the condition that Star satisfy the outstanding judgment. This appeal followed.

## ANALYSIS

### I. Sufficiency of the Evidence

Star challenges the sufficiency of the evidence to sustain his conviction for falsely reporting a crime to the police. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its

opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Under Code § 18.2-461(i), it is unlawful "to knowingly give a false report as to the commission of any crime to any law-enforcement official with intent to mislead." "The statute does not require that such false report lead to the filing of a false charge, much less result in a false conviction." *Dunne v. Commonwealth*, 66 Va. App. 24, 31 (2016). That a "false report of a crime might leave open hypothetical defenses to such falsely reported crime does not excuse or decriminalize [the] lie." *Id.*

Admitting that he contacted the police on March 7, 2021, Star argues that he did not knowingly report a false crime with the intent to mislead and that his allegation did not describe the commission of a crime. "Proving intent by direct evidence often is impossible." *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 470 (2000)). "Therefore, intent, '[l]ike any other element of a crime, . . . may be proved by circumstantial evidence.'" *Id.* (alterations in original) (quoting *Adams*, 33 Va. App. at 471). "An offender's 'intent may be inferred from the nature of the overt act and the surrounding circumstances.'" *Id.* (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 331 (2010)).

Star placed his call to the police just days after losing at trial in general district court and being ordered to pay Hines $741 in legal fees. As the circuit court later ruled, the general district court, in dismissing Star's warrant in debt, determined that Star signed the engagement letter and fee agreement through DocuSign and the document was valid and enforceable against him. Notwithstanding these findings, Star told the police that, in court, Hines presented an engagement letter with an electronic signature that he did not make, he had not seen the document before trial,

and that "somebody in the law firm had signed it." In doing so, Star alleged that the crime of forgery was committed.

After the police contacted Hines, she produced the "Certificate of Completion" from DocuSign confirming that the electronic signature came from Star's own email, which further supported the general district court's finding. When the police questioned Star, he replied that he never used email for an electronic signature. The only reasonable conclusion from such circumstances was that Star reported false information to the police to mislead them that Hines, or someone at her law firm, unlawfully forged his name on the document.

Star's claim that he contacted the police because he was merely seeking "clarification" on the matter, and not criminal consequences, is unavailing. Star sought out the assistance of the police, who are responsible for enforcing Virginia's criminal statutes not dispensing legal advice. The timing of Star's call to the police—just days after losing his case to Hines—also supports his intent to mislead the police. Star's civil action claiming forgery against Hines further supports a conclusion that he called the police to falsely report forgery. Given all of these facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Star was guilty of knowingly making a false report of a crime with the intent to mislead.

## II. Prohibition of Future Lawsuits

Star maintains that the circuit court abused its discretion by prohibiting him, as a condition of his sentence, from filing lawsuits against Hines, her staff, or anyone in Alexandria without prior approval by the court.[2] The Commonwealth correctly observes that Star failed to

---

[2] Star also maintains that the circuit court abused its discretion by conditioning his sentence "upon his satisfaction of a civil judgment entered against him in the [g]eneral [d]istrict [c]ourt[.]" Though the circuit court stated this condition at the sentencing hearing, it was not included in the sentencing order. "A court of record speaks only through its written orders." *Robertson v. Sup. Of the Wise Corr. Unit*, 248 Va. 232, 235 n.* (1994). We do not "consider the transcript[] of the sentencing proceeding in order to determine the intent of the trial court." *Id.*

raise this issue in the circuit court. Star requests that this Court address his asserted error to attain the ends of justice.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). Star acknowledges that, in the circuit court, he did not preserve the argument regarding the imposition of a sentencing condition but asks this Court to consider this issue under the ends of justice exception to Rule 5A:18.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). Thus, the "ends of justice" exception to Rule 5A:18 "requires proof of an error that was 'clear, substantial[,] and material.'" *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989)). "[A] defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." *Melick*, 69 Va. App. at 146 (emphasis omitted) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). Given this high bar, the exception has been applied only in "very limited

---

Because it was not a condition imposed in the sentencing order, we need not consider Star's argument concerning the satisfaction of the civil judgment.

- 8 -

circumstances including, for example, where the record established that an element of the crime did not occur, a conviction based on a void sentence, [and] conviction of a non-offense." *Williams v. Commonwealth*, 294 Va. 25, 28 (2017) (quoting *Gheorghiu*, 280 Va. at 689). Star has failed to meet this high burden. We do not find that this is one of the rare instances where we invoke the ends of justice exception and consider the issue raised on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*