UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Athey and Bernhard

TRISTAN ANDREW HENSLEY

v.      Record No. 2046-24-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 24, 2026

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Sean C. Workowski, Judge

(Monica Tuck, Assistant Public Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares,[1] Attorney General; Ryan Beehler, Assistant
Attorney General, on brief), for appellee.


On July 29, 2024, a jury empaneled in the Circuit Court of Augusta County ("trial court")

convicted Tristan Andrew Hensley ("Hensley") of assault and battery of a family or household

member, third or subsequent offense. On appeal, Hensley assigns error to the trial court: 1) for

finding the evidence sufficient to establish his criminal intent; and 2) for convicting him when

the Commonwealth did not establish the required predicate convictions necessary to convict him

of a third or subsequent offense. Finding no error, we affirm the trial court's judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the facts and legal arguments are adequately presented in
the briefs and record, and the decisional process would not be significantly aided by oral
argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

# I. BACKGROUND[3]

In March of 2024, Hensley was charged with assault and battery of a family or household member, third or subsequent offense, in violation of Code § 18.2-57.2. Following a preliminary hearing in the Augusta County Juvenile and Domestic Relations District Court, the charge was certified to the trial court and subsequently set for a trial by jury commencing on July 29, 2024.

At trial, the parties conducted voir dire of the jury venire and selected a petit jury. The Commonwealth and Hensley made their respective opening statements, after which the Commonwealth moved into evidence, without objection, two certified copies of arrest warrants charging Hensley with assault and battery of a family or household member dated September 9, 2014, and September 11, 2014, respectively. Each arrest warrant listed the offense charged as a violation of Code § 18.2-57.2, and each arrest warrant noted that Hensley had been tried and found guilty of violating Code § 18.2-57.2 as charged. The September 11, 2014 arrest warrant included a handwritten addendum: "if appeal withdrawn, report 4-15-15 by 8:00 p.m."

Deputy Allen Byers of the Augusta County Sheriff's Office ("Deputy Byers") testified that on February 15, 2024, he was dispatched to the vicinity of Hensley's residence where he encountered Hensley's son, B.R., at a neighbor's house.[4] Deputy Byers testified that he observed bruising on B.R.'s right arm. During cross-examination, Deputy Byers recalled that B.R. advised law enforcement that he had been injured when his father "kicked him in the stomach area and it pushed him" into a heater. Deputy Byers also acknowledged that he did not

---

[3] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[4] We use initials to protect the identity of the victim.

observe any bruising on B.R.'s stomach. Deputy Byers further testified that B.R. advised law enforcement that B.R. and Hensley had been wrestling earlier that day.

Next, B.R. testified that he was 11 years old when his father kicked him in his stomach. B.R. further testified that when the incident occurred, he was living with Hensley. He had arrived home from school around 3:50 p.m. and Hensley arrived home at 4:00 p.m. He explained to the jury that after he greeted his father, Hensley pushed B.R. "onto the ground where the carpet was." B.R. further testified that after he stood up, Hensley walked toward B.R. and "pushed [him] against the wall." B.R. then advised the jury that he "pushed [Hensley] back" and Hensley "got mad." B.R. then testified that "when [B.R.] was in the hallway going to [his] room," Hensley "got up[] on his pull-up bar" and when B.R. "turned around to see what he was doing," Hensley "kicked [B.R.] right in the gut." As a result, B.R. "fell into the heater with [his] right arm." B.R. observed that when Hensley first pushed him onto the ground where the carpet was located, he thought his father was being playful, but Hensley "looked mad." B.R. recalled that after Hensley pushed him into the wall and B.R. pushed back, Hensley got "even madder." B.R. added that Hensley was "cussing a lot" while the altercation was occurring. B.R. also testified that after Hensley kicked B.R. in the stomach, B.R. went to his room. B.R. recounted to the jury that Hensley had picked up the heater that B.R. had fallen into and "threw it beside [B.R.]." B.R. concluded his testimony by recalling that Hensley next told him that he would be grounded but later told B.R. that he could go play with a neighbor.

The Commonwealth next called Lisa Fracher ("Fracher"), a forensic nurse examiner at Augusta Health Medical Center. She testified that on February 16, 2024, she examined B.R. for injuries and observed bruising on his right arm. She also testified that B.R. reported to her that he had pain in his stomach previously but was not currently experiencing any stomach pain.

After the Commonwealth rested its case in chief, Hensley moved to strike the Commonwealth's case outside of the presence of the jury. In support of the motion to strike, Hensley asserted that the Commonwealth had failed to prove that Hensley intended to assault and batter his son. He further contended that B.R.'s testimony was inherently incredible and, since there was no other credible testimony concerning Hensley's intent, the case should be struck. In further support, Hensley also argued that the Commonwealth's evidence had failed to adequately specify how B.R. received his injuries. Finally, Hensley claimed that the Commonwealth did not demonstrate that there was a lack of legal excuse or justification.

The trial court denied the motion to strike. Hensley did not testify on his behalf, call any other witnesses, or present any evidence on his behalf, but renewed his motion to strike based solely on his previous contentions. The trial court denied the renewed motion to strike and instructed the jury with respect to the law applicable to the case. After both parties made their closing arguments, the jury then retired to deliberate. Following its return, the jury found Hensley guilty of assault and battery of a family or household member, third or subsequent offense, as charged.

During Hensley's sentencing hearing held on November 7, 2024, the trial court admitted the pre-sentence investigation report in evidence without objection.[5] The "Criminal History Attachment" to the pre-sentence report listed two prior convictions for assault and battery of a family or household member under Code § 18.2-57.2, with offense dates of May 4, 2014, and September 9, 2014, respectively. The report also noted that Hensley had previously been convicted of those predicate offenses on April 1, 2015, and September 23, 2015. Finally, the pre-sentence report also noted that the previous assault and battery conviction with the offense

---

[5] The pre-sentence report was sealed pursuant to Code § 19.2-299. We unseal only the specific facts mentioned in this opinion. The rest of the report remains sealed. *See Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

date of September 11, 2014, had been appealed and nolle prosequied. Hensley was ultimately sentenced to five years of incarceration, with four years suspended. Hensley appealed.

## II. ANALYSIS

### A. *Standard of Review*

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

### B. *The trial court did not err in denying Hensley's motion to strike because the evidence was sufficient to prove that Hensley intended to commit assault and battery.*

Hensley claims that the evidence failed to prove that he had the requisite intent to commit assault and battery against B.R. We disagree.

"Assault and battery are common law crimes." *Yellock v. Commonwealth*, 79 Va. App. 627, 641 (2024) (quoting *Montague v. Commonwealth*, 278 Va. 532, 541 (2009)). Battery is "a

'wil[l]ful or unlawful touching' of another." *Kelley v. Commonwealth*, 69 Va. App. 617, 625 (2019) (alteration in original) (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010)). "The law is clear that '[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Id.* at 628 (alterations in original) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 469 (2000)). "The touching necessary for a battery, however, need not include a physical injury." *Id.* at 625. "Whether a touching is a battery, depends on the intent of the actor, not the force applied." *Parish*, 56 Va. App. at 330 (quoting *Adams*, 33 Va. App. at 469).

"Proving intent by direct evidence often is impossible." *Kelley*, 69 Va. App. at 628 (quoting *Adams*, 33 Va. App. at 470). Therefore, intent, "[l]ike any other element of a crime, . . . may be proved by circumstantial evidence." *Adams*, 33 Va. App. at 471. "Words and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired. A perpetrator's intent may be inferred from the nature of the overt act and the surrounding circumstances." *Yellock*, 79 Va. App. at 642 (quoting *Clark v. Commonwealth*, 279 Va. 636, 642 (2010)). "Whether the defendant has the required intent is a question for the trier of fact." *Welch v. Commonwealth*, 79 Va. App. 760, 768 (2024).

Here, a reasonable factfinder could conclude that Hensley intended to willfully touch B.R. in a "rude, insolent, or angry manner." *Kelley*, 69 Va. App. at 628 (quoting *Adams*, 33 Va. App. at 469). When Hensley first pushed B.R., B.R. thought that his father was playing. But when B.R. pushed Hensley back, Hensley appeared mad. As B.R. walked to his room, Hensley pulled himself up on a pull-up bar and kicked B.R. in the stomach, causing B.R. to fall into a heater. B.R. sustained four bruises on his right arm because of the fall. B.R. reported that Hensley was cursing throughout the incident and got "even madder" before Hensley kicked B.R. in the stomach. Thus, the jury, sitting as the factfinder, could conclude that Hensley intended to willfully touch B.R. in a

"rude, insolent, or angry manner" and was entitled to reject Hensley's hypothesis of innocence that the encounter was entirely playful. *Kelley*, 69 Va. App. at 628 (quoting *Adams*, 33 Va. App. at 469); *see Ervin v. Commonwealth*, 57 Va. App. 495, 519-21 (2011) (en banc). We therefore hold that the trial court did not err in denying Hensley's motion to strike the charge of assault and battery of a family member, third or subsequent offense.

C. *Hensley's remaining assignment of error is waived.*

Hensley further claims that the evidence was insufficient to support his conviction because it did not establish that he had received the two necessary predicate convictions. Hensley concedes that he failed to preserve this issue for appeal by contemporaneously objecting below, but he asks this Court to consider the issue under the ends of justice exception to Rule 5A:18. He claims that it was a "manifest injustice" to convict him of assault and battery of a family member, third or subsequent offense, because the Commonwealth failed to prove that he had two previous convictions for assault and battery of a family member. We disagree.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)).

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Cornell v. Commonwealth*, 76 Va. App. 17, 31 (2022) (quoting *Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022)). "In determining whether the exception applies, the Court considers two questions: '(1) whether there is

error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Id.* at 30 (quoting *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 31 (quoting *Conley*, 74 Va. App. at 683). "To demonstrate a miscarriage of justice, appellant 'must show that either the conduct for which he was convicted is not a criminal offense or that the record affirmatively establishes that an element of the offense did not occur.'" *Jiddou v. Commonwealth*, 71 Va. App. 353, 374 (2019) (quoting *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015)). "Merely claiming that the Commonwealth failed to prove an element of the offense will not constitute a miscarriage of justice." *Quyen Vinh Phan Le*, 65 Va. App. at 74.

"[W]hen an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient." *Pulley v. Commonwealth*, 74 Va. App. 104, 126 (2021) (alteration in original) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc)). "[A]n appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Holt*, 66 Va. App. at 210 (alteration in original) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). "In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Conley*, 74 Va. App. at 683 (alteration in original) (quoting *Holt*, 66 Va. App. at 210). "Thus, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" *Pulley*, 74 Va. App. at 126 (quoting *Holt*, 66 Va. App. at 210).

Assault and battery of a family member, third or subsequent offense, requires proof that the defendant committed assault and battery of a family member, that on two prior occasions he had been convicted of assault and battery of a family member, and that those convictions occurred on different dates within a 20-year period. Code § 18.2-57.2(B). In Virginia, "a defendant may appeal a [juvenile and domestic relations district] court conviction 'to the circuit court for a trial *de novo*.'" *Ellis v. Commonwealth*, 75 Va. App. 162, 168 n.1 (2022) (quoting *Turner v. Commonwealth*, 49 Va. App. 381, 385 (2007)). "[T]hese *de novo* appeals actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court." *Id.* (alteration in original) (quoting *Wright v. Commonwealth*, 52 Va. App. 690, 706 n.9 (2008) (en banc)).

Here, the pre-sentence report established that the September 11, 2014 offense was appealed to the circuit court and ultimately nolle prosequied. Although Hensley is correct that the September 11, 2014 offense was insufficient to establish a predicate conviction, it does not affirmatively establish the non-existence of a predicate second conviction. In fact, the pre-sentence report shows that the circuit court convicted Hensley of assault and battery of a family member on April 1, 2015, and on September 23, 2015. Consequently, the record affirmatively establishes that Hensley was convicted twice previously of assault and battery of family member. Hensley has not affirmatively established that an element of the offense did not occur or that he was convicted of a non-offense. Instead, he demonstrates only that the Commonwealth failed to prove an element of the offense. But that showing does not satisfy the manifest injustice standard. *Holt*, 66 Va. App. at 210. Thus, we cannot apply the "ends of justice" exception to Rule 5A:18 and therefore affirm Hensley's conviction.

## III.  CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*